Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| TERESITA C. RIERA CARRIÓN<br><br>Apelante<br><br>v.<br><br>JUAN C. ALBORS LAHONGRAIS<br><br>Apelado | KLAN202300611 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.<br>K DI2008-1277<br><br>Sobre:<br>Divorcio<br>Trato Cruel |

Panel integrado por su presidente el Juez Bermúdez Torres, la Jueza Grana Martínez y la Jueza Santiago Calderón[1]

Santiago Calderón, Jueza Ponente

### SENTENCIA EN RECONSIDERACIÓN

En San Juan, Puerto Rico, a 5 de abril de 2024.

Examinada la *Moción de Reconsideración* presentada el 29 de diciembre de 2023 por el señor Juan C. Albors Lahongrais (apelado o señor Albors Lahongrais), al amparo de la Regla 84 del Reglamento del Tribunal de Apelaciones[2], en el ejercicio de nuestra facultad revisora, declaramos la misma *Ha Lugar* y dejamos sin efecto nuestra *Sentencia* emitida el 19 de diciembre de 2023.

Por los fundamentos que exponemos a continuación, emitimos *Sentencia en Reconsideración* y **confirmamos** la *Resolución* emitida el 23 de mayo de 2023 por el Tribunal de Primera Instancia, Sala de San Juan.

### I.

Según surge del expediente ante nos, el 6 de junio de 2016, el señor Albors Lahongrais solicitó una revisión de pensión alimentaria establecida a favor de sus tres hijos procreados con la señora Teresita C. Riera Carrión (apelante o señora Riera Carrión).

---

[1] Véase Orden Adm. OAJP-2021-086 de 4 de noviembre de 2021.
[2] 4 LPRA Ap. XXII-B, R. 84.

Luego de varios trámites procesales, el 10 de octubre de 2018, se celebró una vista ante la Examinadora de Pensiones Alimentarias (EPA), Lcda. Leticia Milland Vigio[3]. Durante la referida vista, las partes informaron que habían llegado a un acuerdo con relación a la pensión alimentaria[4].

Posteriormente, la señora Riera Carrión impugnó el acuerdo aduciendo dolo durante el proceso de la negociación. El foro primario atendió el petitorio y emitió una *Resolución*[5] en la que declaró *No Ha Lugar* la alegación de dolo presentada por la señora Riera Carrión.

Dicha determinación fue impugnada por la señora Riera Carrión mediante el recurso de apelación con alfanumérico KLAN202200108 presentado el 18 de febrero de 2022. Consecuentemente, el 7 de julio de 2022, este panel emitió una *Sentencia* en la que determinó lo siguiente:

> **De un estudio del expediente nos hemos percatado que la EPA no realizó ninguna recomendación al foro primario en cuanto al acuerdo sostenido en la vista del 10 de octubre de 2018. Inclusive, del *Informe Especial* presentado el 30 de noviembre de 2018, la EPA sostuvo que concedió término de veinte (20) días a los abogados para que redactasen el acuerdo, sin embargo, no lo hicieron. Por lo que debemos concluir, que las partes sí llegaron a un preacuerdo el día de la vista ante la EPA, que fue libre y voluntario, sin embargo, no fue formalizado por las partes, ni la EPA realizó ninguna recomendación al foro primario para que lo evaluara y lo acogiera mediante sentencia.**
>
> Resulta meritorio mencionar que, en convenios relacionados con pensiones alimentarias, el Tribunal deberá asegurarse que lo acordado por los padres no sea dañino para los menores. No surge del expediente que el Tribunal evaluara si lo acordado por las partes satisfacía adecuadamente las necesidades de los hijos. Por consiguiente, no habiendo un acuerdo suscrito y acogido por el foro primario entorno a la pensión alimentaria de los hijos habido entre las partes, procede devolver el caso para la continuación del procedimiento de revisión de pensión de alimentos ante la EPA.
>
> [...]
>
> Por los fundamentos expuestos, *revocamos* el dictamen recurrido. Se devuelve el caso al Foro de origen y se ordena

---

[3] Véase Apéndice del Alegato en Oposición, págs. 34-95.
[4] *Íd.,* pág. 37.
[5] Véase Apéndice del Alegato en Oposición, págs. 101-108.

la continuación del procedimiento de forma compatible con lo aquí resuelto.

En cumplimiento con nuestro mandato, el 14 de diciembre de 2022, la EPA celebró una conferencia sobre el estado de los procedimientos y emitió un *Informe de la Examinadora de Pensiones Alimenticias*[6], en el que desglosó el acuerdo de pensión, según fue vertido y surge de la transcripción de la vista celebrada el 10 de octubre de 2018[7]. Además, la EPA solicitó a cada parte, memorandos de derecho, relacionado con la interpretación de lo ordenado por el Tribunal de Apelaciones en la *Sentencia* del caso KLAN202200108.

Ulteriormente, el 24 de enero de 2023, el TPI emitió una *Orden*[8] para que la EPA presentara un informe con su recomendación de pensión alimentaria. Así pues, el 24 de marzo de 2023, la EPA rindió un segundo *Informe de la Examinadora de Pensiones Alimenticias*[9] el cual contenía el acuerdo habido entre las partes el 10 de octubre de 2018. Asimismo, incluyó un análisis jurídico sobre los convenios relacionados con pensiones alimenticias de menores, en el que señaló que los mismos constituyen contratos de transacción y que el vertido por las partes de epígrafe satisfizo las necesidades de los menores de edad.

El 23 de mayo de 2023, el foro primario emitió la *Resolución*[10] aquí impugnada, en la cual el TPI acogió el *Informe de la Examinadora de Pensiones Alimenticias* y su recomendación sobre los acuerdos del 10 de octubre de 2018.

Seguidamente, el 9 de junio de 2023, la señora Riera Carrión presentó una *Moción de Reconsideración*[11]. El 12 de junio de 2023,

---

[6] Véase Apéndice del Alegato en Oposición, págs. 123-126.
[7] Véase Apéndice del Alegato en Oposición, págs. 34-95.
[8] Véase Apéndice del Alegato en Oposición, págs. 121-122.
[9] Véase Apéndice del Alegato en Oposición, págs. 130-132.
[10] Véase Apéndice de la Apelación, págs. 43-45.
[11] Véase Apéndice de la Apelación, págs. 46-49.

notificada el día siguiente, el foro primario emitió una *Orden*[12] en la que declaró *No Ha Lugar* la reconsideración.

Inconforme aún, el 13 de julio de 2023, la señora Riera Carrión presentó una *Apelación*, en la que indicó que el TPI cometió el siguiente error:

> ERRÓ EL TPI AL DICTAR UNA RESOLUCIÓN ACOGIENDO UNA PROPUESTA DE UNA PARTE COMO PENSIÓN ALIMENTARIA SIN CELEBRACIÓN DE VISTA, EN CRASO INCUMPLIMIENTO CON LA SENTENCIA DICTADA POR ESTE HONORABLE FORO, POR LO QUE LA RESOLUCIÓN DEL TPI ES CONTRARIA A DERECHO Y ES UN ABUSO DE LA DISCRECIÓN DEL FORO PRIMARIO.

El 19 de diciembre de 2023, este Foro emitió una *Sentencia*. En desacuerdo, el 29 de diciembre de 2023, el señor Albors Lahongrais presentó *Moción de Reconsideración*.

El 11 de enero de 2024, emitimos una *Resolución* en la que le concedimos a la señora Riera Carrión un término de diez (10) días para que se expresara sobre la *Moción de Reconsideración*. Luego de una solicitud de prórroga autorizada, el 31 de enero de 2024, la señora Riera Carrión compareció ante nos mediante *Moción en Cumplimiento de Orden*.

Así, examinados los argumentos presentados por las partes y el derecho aplicable, acogemos la moción de reconsideración y emitimos la presente *Sentencia en Reconsideración*. Veamos.

## II.

### -A-

En nuestro ordenamiento jurídico, la obligación de los progenitores de brindar alimentos a los menores de edad es parte esencial del derecho a la vida consagrado en la Sec. 7 del Art. II de la Constitución del Estado Libre Asociado de Puerto Rico, LPRA, Tomo 1[13]. Por tal razón, los casos de alimentos de menores de edad

---

[12] Véase Apéndice de la Apelación, págs. 50-51.
[13] *Díaz Rodríguez v García Neris*, 208 DPR 706, (2022); *Martínez v. Rodríguez*, 160 DPR 145 (2003).

están revestidos del más alto interés público[14]. Del mismo modo, la pensión alimentaria debe estar fundamentada en las necesidades de los menores de edad, considerando siempre todas las circunstancias del caso, lo cual incluye el estilo de vida de sus progenitores[15]. Esto conlleva hacer un balance entre los intereses del menor y la capacidad económica de los responsables de costear sus necesidades[16].

Con el propósito de agilizar los procedimientos de la reclamación de alimentos, la Ley Núm. 5-1986, según enmendada, conocida como la *Ley Orgánica de la Administración para el Sustento de Menores*[17] (Ley Núm. 5-1986), ordenó la creación y la adopción de unas guías que ayudaran a determinar y modificar las pensiones alimentarias de manera uniforme de acuerdo con el poder económico de cada progenitor y las necesidades del alimentista[18]. Cónsono con ello, se aprobaron las *Guías mandatorias para fijar y modificar pensiones alimentarias en Puerto Rico,* según enmendadas, aprobadas mediante el Reglamento 8529 de 30 de octubre de 2014 (Guías Mandatorias), cuyo propósito es uniformar y facilitar el cálculo de las pensiones alimentarias para menores basándose en criterios numéricos y descriptivos[19].

**-B-**

Las estipulaciones sobre una pensión alimentaria tienen la naturaleza de un contrato de transacción judicial que obliga a las partes[20]. Como norma general, el TPI aceptará estos convenios y estipulaciones, los cuales tendrán el efecto de cosa juzgada entre las partes[21].

---

[14] *Torres Rodríguez v. Carrasquillo Nieves,* 177 DPR 728, 738 (2009).
[15] *Ferrer v. González,* 162 DPR 172, 180 (2004).
[16] *Pesquera Fuentes v. Colón Molina,* 202 DPR 93, 108 (2019).
[17] 8 LPRA sec. 501 *et seq.*
[18] 8 LPRA sec. 518.
[19] Art. 3 de las Guías Mandatorias, *supra.*
[20] *Nater v. Ramos,* 162 DPR 616, 627 (2004); *Igaravidez v. Ricci,* 147 DPR 1, 5(1998); *Ex parte Negrón Rivera y Bonilla,* 120 DPR 61, 76 (1987); *Magee v. Alberro,* 126 DPR 228, 232-233 (1990).
[21] *Magee v. Alberro, supra,* pág. 232.

Sin embargo, "no procede aplicar una regla absoluta de no modificar las pensiones estipuladas debido a que se trató de un contrato de transacción"[22]. En lo que se refiere a las pensiones estipuladas, "la doctrina ha establecido que la alteración del convenio o estipulación sobre pensión alimenticia en ocasión de un divorcio procederá solamente cuando exista un cambio sustancial en las circunstancias que dieron lugar u originaron el mismo. No basta cualquier cambio en las circunstancias, tiene que ser uno sustancial"[23]. En fin, "[p]ara que proceda un cambio en la pensión estipulada [,] el peticionario tendría que probar que las circunstancias al momento de efectuarse la estipulación han cambiado de forma sustancial"[24].

**-C-**

En repetidas ocasiones, el Tribunal Supremo de Puerto Rico ha expresado que en su misión de hacer justicia la discreción es el más poderoso instrumento reservado a los jueces[25].

La discreción se nutre "de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia; no es función al antojo o voluntad de uno, sin tasa ni limitación alguna"[26]. Asimismo, "no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho"[27].

En *Pueblo v. Rivera Santiago,* 176 DPR 559, 580 (2009), el Tribunal Supremo de Puerto Rico indicó que existen ciertas guías para determinar cuándo un tribunal abusa de su discreción y, en torno a este particular, estableció lo siguiente:

> ...[U]n tribunal de justicia incurre en un abuso de discreción *inter alia*: cuando el juez no toma en cuenta e ignora en la

---

[22] *Íd.*, pág. 233.
[23] *Íd.; Ex Parte Negrón Rivera y Bonilla, supra.*
[24] *Íd.*
[25] *Rodríguez v. Pérez,* 161 DPR 637, 651 (2004); *Banco Metropolitano v. Berríos,* 110 DPR 721, 725 (1981).
[26] *Pueblo v. Hernández García,* 186 DPR 656, 684 (2012), citando a *Santa Aponte v. Srio. del Senado,* 105 DPR 750, 770 (1977); *HIETel v. PRTC,* 182 DPR 451, 459 (2011).
[27] *Pueblo v. Hernández García, supra,* citando a *Bco. Popular de P.R. v. Mun. de Aguadilla,* 144 DPR 651, 658 (1997).

decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste, o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente[28].

En el contexto de esa doctrina, debemos tener presente el alcance de nuestro rol como Foro Apelativo al intervenir precisamente con la discreción judicial. Así pues, es norma reiterada que este Foro no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, "salvo que se demuestre que hubo un craso abuso de discreción, prejuicio, error manifiesto o parcialidad"[29].

**-D-**

La jurisdicción es la autoridad que tiene el tribunal para atender en los méritos una controversia[30]. La jurisdicción no se presume y los tribunales no tienen discreción para asumirla donde no la hay[31]. Los tribunales debemos ser celosos guardianes de nuestra jurisdicción[32]. Los asuntos jurisdiccionales son privilegiados y deben resolverse con preferencia a cualquier otro asunto planteado[33].

Un recurso es prematuro cuando es presentado en el tribunal antes de que dicho foro tenga jurisdicción para atenderlo[34]. Su presentación no produce efecto jurídico alguno ya que la falta de jurisdicción es un defecto insubsanable[35]. Por lo tanto, el tribunal no puede intervenir en un recurso prematuro y deberá desestimar el caso al concluir que no hay jurisdicción[36].

---

[28] *García v. Padró*, 165 DPR 324, 336 (2005); *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990).

[29] *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

[30] *Maldonado v. Junta de Planificación*, 171 DPR 46, 55 (2007).

[31] *Íd.*

[32] *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).

[33] *Carattini v. Collazo Systems Analysis, Inc.*, 158 DPR 345, 355 (2003).

[34] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008), *Pueblo v. Santana Rodríguez*, 148 DPR 400, 402 (1999).

[35] *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000).

[36] Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

**III.**

En su *Moción de Reconsideración*, el señor Albors Lahongrais alega que el caso se ha tornado académico debido a que su hijo F.A.R. advino a la mayoría de edad el 26 de octubre de 2023, y por tal razón presentó ante el TPI una *Moción Solicitando Relevo de Pensión Alimentaria*[37], reiterada el 7 de diciembre de 2023 mediante una *Moción Solicitando Remedio*[38]. Aduce que, ante esta nueva circunstancia, debe aplicarse otro estado de derecho y debe ser F.A.R., quien debe presentar algún reclamo ante el foro primario. Ante ello, sostuvo que el caso no es uno justiciable y se ha tornado académico. Por otro lado, adujo que el mandato de este Tribunal de Apelaciones al TPI fue que se continuaran los procedimientos para fijar la pensión alimentaria porque lo que hizo este foro fue atemperar la situación a la realidad fáctica hoy en día. En la alternativa, solicitó que acojamos el voto disidente emitido por la jueza Grana Martínez.

En lo que respecta al primer planteamiento del señor Albors Lahongrais sobre la mayoría de edad de F.A.R. y las consecuencias jurídicas que esto conlleva, determinamos que es prematura, por lo que carecemos de jurisdicción para considerarla. En efecto, al momento de presentarse la *Moción de Reconsideración* el TPI tiene pendiente ante sí la *Moción Solicitando Relevo de Pensión Alimentaria* y la *Moción Solicitando Remedio.* Hasta que el foro primario no notifique su determinación sobre ese particular, este tribunal carece de jurisdicción para atenderlo en sus méritos.

Ahora bien, en cuanto al segundo planteamiento y la alternativa propuesta por el señor Albors Lahongrais sobre si procede reconsiderar nuestro dictamen emitido el 19 de diciembre de 2023, razonamos que, ante la totalidad de las circunstancias

---

[37] Véase Anejo 1 de la *Moción de Reconsideración*
[38] Véase Anejo 3 de la *Moción de Reconsideración.*

suscitadas en este caso en particular y el tracto procesal acaecido, procede confirmar el dictamen recurrido. No cabe duda de que el TPI actuó conforme a los pronunciamientos de este Foro y al recibir nuestro mandato[39], lo ejecutó conforme a su discreción.

En virtud de lo anterior, no vemos que el TPI haya incidido al examinar el tracto fáctico de este caso y las determinaciones que hiciéramos en el caso KLAN202200108. Por tanto, a falta de abuso de discreción, pasión, prejuicio o error manifiesto, nuestra intervención es innecesaria.

**IV.**

Por los fundamentos antes expuestos, **confirmamos** la *Sentencia* apelada.

**Notifíquese inmediatamente**.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. El Juez Bermúdez Torres no reconsideraría.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[39] El mandato es una figura enmarcada dentro de los procesos apelativos. *Colón y otros v. Frito Lays*, 186 DPR 135, 151 (2012). El Tribunal Supremo lo ha definido como "el medio que posee un tribunal en alzada de comunicarle a un tribunal inferior qué determinación ha tomado sobre la sentencia objeto de revisión y ordenarle actuar de conformidad con la misma". *Íd.*; *Mejías el al. v. Carrasquillo et al.*, 185 DPR 288, 300-301 (2012). El propósito principal del mandato es lograr que el tribunal inferior actúe conforme a los pronunciamientos del tribunal apelativo. *Íd.*, pág. 301.